Steven T. Densley, #7704
Union Pacific Railroad Company
280 South 400 West, Suite 250
Salt Lake City, UT 84101
Telephone: (801) 212-3985
Facsimile:  (801) 212-3978

Attorney for Union Pacific Railroad Company

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONNA K. MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>Defendant. | **ANSWER**<br><br>Case No. 4:13-cv-219-EJL |

Defendant Union Pacific Railroad Company ("UPRR") submits this Answer to Plaintiff's Complaint in the above-entitled action.

**FIRST DEFENSE**

UPRR answers the allegations of Plaintiff's Complaint, in like-numbered paragraphs, as follows:

1. Upon information and belief, admits.

2. Admits.

3. Admits.

4. Admits.

5. Admits that Plaintiff has brought this action as set forth in Paragraph 5 and denies that Plaintiff is entitled to recover relief under any of her causes of action.

6. Is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies.

7. Admits that the parties to this action are citizens of different states and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein and, therefore, denies.

8. Admits that jurisdiction is proper in the United States District Court for the District of Idaho.

9. Admits.

10. Incorporates its answers to Paragraphs 1-9 as though fully set forth herein.

11. Denies the violations alleged.

12. Admits.

13. Is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies.

14. Denies.

15. Admits that Plaintiff worked as a clerk with Union Pacific Fruit Express ("UPFE") and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein and, therefore, denies.

16. Is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies.

17. Denies.

18. Denies.

19. Denies.

20. Is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies.

21. Denies.

22. Is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein and, therefore, denies.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. Incorporates its answers to Paragraphs 1-26 as though fully set forth herein.

28. Denies.

29. Admits.

30. Denies to the extent that Plaintiff qualified for bonuses based on performance and admits the remaining averments contained therein.

31. Denies to the extent that Plaintiff qualified for bonuses based on performance and admits the remaining averments contained therein.

32. Denies.

33. Denies that it violated the Equal Pay Act and all averments related thereto.


34. Denies.

35. Incorporates its answers to Paragraphs 1-34 as though fully set forth herein.

36. Denies.

37. Denies.

38. Denies.

39. Incorporates its answers to paragraphs 1-38 as though fully set forth herein.

40. Denies.

41. Denies.

42. Incorporates its answers to paragraphs 1-41 as though fully set forth herein.

43. Denies.

44. Denies, including the judgment for which Plaintiff prays contained in Paragraph 44.

## SECOND DEFENSE

UPRR denies each and every allegation of Plaintiff's Complaint not specifically admitted in the First Defense of this Answer.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff is not entitled to the relief requested as a matter of fact and/or law.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent she failed to comply with all statutory, jurisdictional and procedural requirements under Title VII, the IHRC and the Equal Pay Act, including but not limited to, the failure to exhaust administrative remedies.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations to the extent that Plaintiff attempts to rely upon events not included in a timely-filed charge of discrimination or otherwise.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any employment decisions made by UPRR were not based on Plaintiff's gender, but were made for independent, legitimate, non-discriminatory business reasons.

**EIGHTH DEFENSE**

To the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that gender was a motivating factor in any employment decision at issue (which UPRR absolutely denies), UPRR is entitled to judgment, in whole or in part, because the same employment decisions would have been made irrespective of whether gender was considered.

**NINTH DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, because of UPRR's good-faith efforts to prevent discrimination and to comply with applicable laws.

**TENTH DEFENSE**

Plaintiff's claims are barred to the extent that they either may be preempted under the Railway Labor Act and/or are unreviewable in this judicial forum.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff has failed to exhaust his remedies under the Railway Labor Act.

**TWELFTH DEFENSE**

To the extent that the injuries and damages that Plaintiff claims to have suffered were caused in whole or in part by Plaintiff's own actions, Plaintiff may not recover against UPRR.

**THIRTEENTH DEFENSE**

UPRR may not be held liable for Plaintiff's injuries or damages, if any, that were caused by persons, entities or factors over whom or which UPRR had no control nor right of control.

**FOURTEENTH DEFENSE**

In the event Plaintiff recovers against UPRR, then such recovery against UPRR must be reduced by those amounts which UPRR has already indemnified Plaintiff, or in the future will with reasonable certainty indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, supplemental sickness benefits, Railroad Retirement Board payments, advances, social security, workers' compensation, or employee benefit program.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

The Complaint and each cause of action set forth therein cannot be maintained because UPRR acted reasonably and in good faith, at all times, based upon the relevant facts and circumstances known by UPRR at the time it acted.

**SEVENTEENTH DEFENSE**

UPRR alleges that it cannot be liable for any alleged violation asserted in the Complaint because its actions, conduct and dealings with Plaintiff were lawful, as authorized by applicable state and federal statutes, rules and regulation, and such actions and conduct were justified and carried out in good faith and for legitimate, non-discriminatory business purposes.

**EIGHTEENTH DEFENSE**

To the extent that Plaintiff has failed to take reasonable steps to mitigate her damages, UPRR may not be held liable for the damages or consequences that could have been avoided by Plaintiff.

**NINETEENTH DEFENSE**

UPRR alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by UPRR has been fully performed, satisfied or discharged.

WHEREFORE, UPRR requests judgment from the Court that Plaintiff's Complaint be dismissed, that Plaintiff take nothing thereby; that UPRR be awarded its costs and, to the extent

allowed by law, its attorney's fees incurred in defending this action; and for such other and further relief as the court deems just and equitable.

DATED this 8th day of July, 2013.

/s/ Steven T. Densley
Steven T. Densley

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of July, 2013, a true, correct and complete copy of the foregoing was served upon the following attorneys in the manner indicated below:

| | |
|---|---|
| Joel A. Beck<br>Ruchti & Beck Law Offices<br>275 S. 5th Ave., Suite 140<br>Pocatello, ID 83201 | __X__ ECF Notification<br>_____ U.S. Mail<br>_____ Overnight<br>_____ Facsimile<br>_____ No Service |
| James D. Ruchti<br>Ruchti & Beck Law Offices<br>275 S. 5th Ave., Suite 140<br>Pocatello, ID 83201 | __X__ ECF Notification<br>_____ U.S. Mail<br>_____ Overnight<br>_____ Facsimile<br>_____ No Service |
| Gary L. Cooper<br>Cooper & Larsen, Chtd.<br>P. O. Box 4229<br>Pocatello, ID 83205-4229 | __X__ ECF Notification<br>_____ U.S. Mail<br>_____ Overnight<br>_____ Facsimile<br>_____ No Service |

/s/ Kim Le