UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| RONNA K. MARTINEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>      Defendant. | Case No.: 4:13-cv-00219-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:  DEFENDANT UNION PACIFIC RAILROAD'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Docket No. 14)** |

Currently pending before the Court is Defendant Union Pacific Railroad's Motion for Partial Summary Judgment (Docket No. 14).  Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

**DISCUSSION**

Plaintiff Ronna K. Martinez ("Martinez") brings claims against Defendant Union Pacific Railroad Company ("Union Pacific"), seeking back pay for alleged wage discrimination. Martinez's claims are brought under Title VII, the Idaho Human Rights Act, and the Equal Pay Act.  Each of these provisions contains limitations on Martinez's back pay claims – that is, each of these provisions specifies that a plaintiff like Martinez may only seek back pay for two years prior to bringing suit (and three years before bringing suit under the Equal Pay Act if the discrimination is deemed willful).  Therefore, through its Motion for Partial Summary Judgment,

**MEMORANDUM DECISION AND ORDER - 1**

Union Pacific seeks to "settle the water" with regard to Martinez's back pay claims falling outside of the relevant back pay limitations. *See generally*, Mem. in Supp. of Mot. for Partial Summ. J. (Docket No. 14, Att. 1).

In response, Martinez does not offer any opposition to the apparent scope of Union Pacific's Motion for Partial Summary Judgment. *See* Opp. to Mot. for Partial Summ. J., p. 2 (Docket No. 15) ("Plaintiff is in general agreement that the limitation on back pay damages under Title VII and the Idaho Human Rights Act is two years from the date the claim was filed with the Idaho Human Rights Commission/Equal Employment Opportunity Commission. Plaintiff is also in general agreement that the limitation on back pay damages under the Equal Pay Act is also two years, but where a plaintiff can show an employer acted willfully, not in good faith and without reasonable grounds for believing its actions were not violations of the Equal Pay Act, the limitation extends to a third year."). However, in doing so, Martinez appears to reserve the right to nonetheless "introduce evidence of Union Pacific's behavior during the excluded period of employment for which she is not entitled to back pay." *Id*. at p. 3. ("In other words, for purposes of proving general and punitive damages and willful conduct, the jury is entitled to consider evidence regarding Union Pacific's actions throughout the entire period of Plaintiff's employment.").

In turn, Union Pacific's reply memorandum in support of its Motion for Partial Summary Judgment pivots to a request that Martinez be barred from putting on pre-statute of limitations evidence in support of her recoverable damages for back pay. *See* Reply in Supp. of Mot. for Partial Summ. J., pp. 2-5 (Docket No. 17). Given the nature of the briefing schedule, Martinez

**MEMORANDUM DECISION AND ORDER - 2**

has not submitted any written response to Union Pacific's evolved argument concerning Martinez's ability to secure and/or introduce such evidence at trial.

With all this in mind, the undersigned will grant Union Pacific's Motion for Partial Summary Judgment to the extent it seeks to limit Martinez's back pay claims only to those applicable years (two or three, as the case may be[1]) preceding the filing of any claim. However, where Union Pacific's Motion for Partial Summary Judgment additionally attempts to outright bar evidence of Union Pacific's conduct beyond such applicable periods as a matter of law, the undersigned will not do so here. Not only is it possible to envision a situation where such evidence is indeed relevant to Martinez's claims moving forward,[2] any attempt to preclude the introduction of such evidence at trial is best handled via a motion in limine, with the benefit of Martinez's retort to Union Pacific's arguments on this discrete issue.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED THAT Union Pacific's Motion for Partial Summary Judgment (Docket No. 14) is GRANTED, but only insofar as to disallow Martinez's (1) Title VII and Idaho Human Rights Act wage discrimination back pay claims from March 1, 2008 through November 26, 2010 (thus limiting said claims to November 27, 2010 to November 26, 2012), and (2) Equal Pay Act wage discrimination back pay claims from March 1, 2008 through November 26, 2009 (thus limiting said claims to November 27, 2009 to November

---

[1] Union Pacific concedes that, with respect to the three-year limitations period under the Equal Pay Act, "the willfulness element is a material issue of fact that is in dispute . . . ." Mem. in Supp. of Mot. for Partial Summ. J., pp. 5-6 (Docket No. 14, Att. 1).

[2] The undersigned is careful to clarify that this Memorandum Decision and Order does not operate to conclusively determine that such evidence is indeed relevant.

**MEMORANDUM DECISION AND ORDER - 3**

26, 2012).  Any additional relief sought via Union Pacific's Motion for Partial Summary Judgment is DENIED, without prejudice.



DATED:  **January 31, 2014**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**